CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 30 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| GARNETTE G. BOURNE, | ) | |
| | ) | Civil Action No. 3:13CV00046 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Garnette G. Bourne, was born on August 6, 1959 and eventually completed his high school education. Mr. Bourne worked as an owner/operator of a masonry business. In this capacity, he performed masonry work and exercised supervisory responsibilities. He last worked on a regular and sustained basis in 2011. On March 31, 2011, plaintiff filed an application for a period of disability and disability insurance benefits. He alleged that he became disabled for all

forms of substantial gainful employment on November 20, 2010, due to back problems, ear problems, right leg pain, and left thigh pain. Some time later, plaintiff amended his application so as to reflect an alleged disability onset date of January 21, 2011. (TR 130). He now maintains that he has remained disabled to the present time. The record reveals that Mr. Bourne met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Bourne's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 8, 2012, the Law Judge also determined that Mr. Bourne is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including degenerative disk disease, chronic back pain, and bilateral leg pain. The Law Judge noted that plaintiff also suffers from knee pain, ear problems, and decreased hearing in the left ear. However, the Law Judge ruled that these difficulties are not severe in terms of functional impact. Nevertheless, because of plaintiff's severe impairments, the Law Judge held that Mr. Bourne is disabled for his past relevant work activity. However, the Law Judge determined that plaintiff retains sufficient residual functional capacity to perform light work which does not require more than occasional climbing, crawling, stooping, kneeling, and crouching. (TR 20). Given such a residual functional capacity, and after considering Mr. Bourne's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that plaintiff retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. See 20 C.F.R. § 404.1569, and Rule 202.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mr. Bourne is not

2

disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). Plaintiff then sought review of his case by the Social Security Administration's Appeals Council. In connection with his request for review, Mr. Bourne submitted additional medical evidence. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Bourne has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Bourne experiences multi-level degenerative disc disease, as well as degenerative changes in his knees. He also suffers from mild lateral recess stenosis and anterior wedge compression deformities of longstanding duration in the thoracic spine. Without question, Mr. Bourne's musculoskeletal problems prevent performance of the medium and heavy work in which he engaged as a brick mason. Indeed, plaintiff's treating physician has submitted several reports indicating that Mr. Bourne is totally disabled for all forms of work. However, the court believes that the

3

Administrative Law Judge reasonably relied on a medical report from a consultative physician in determining that plaintiff retains sufficient functional capacity to engage in a slightly limited range of light work activity. The Law Judge's reliance on the consultative physician's assessment is supported by x-ray reports and clinical findings generated during routine medical treatment. The x-ray reports document mild degenerative changes in plaintiff's back. Inasmuch as all of Mr. Bourne's severe impairments are exertional in nature, the court believes that the Law Judge properly relied on the medical vocational guidelines in assessing plaintiff's capacity for alternate work activity. The court agrees that the guidelines support a determination of not disabled. Thus, the court concludes that the final decision of the Commissioner must be affirmed.

On appeal to this court, Mr. Bourne emphasizes the findings and opinions of his treating physician, Dr. Randall Bashore. Plaintiff argues that, as a treating physician, Dr. Bashore's opinions should have been accorded greater weight by the Law Judge. See 20 C.F.R. § 404.1527(c)(2). As stated above, Dr. Bashore completed a physical limitations assessment on June 13, 2012, which indicates that Mr. Bourne is totally disabled. (TR 310). However, the court believes that the Administrative Law Judge properly determined that Dr. Bashore's assessment is not consistent with the objective x-ray studies or the findings of the consultative physician. More to the point, the court notes that Dr. Bashore's own clinical findings do not support his opinion as to plaintiff's total disability. For example, on March 28, 2012, Dr. Bashore listed findings and impressions as follows:

> **OBJECTIVE:** The patient is sitting on the exam table, in no acute distress. Blood pressure was 130/90 in the right arm sitting. HEENT was unremarkable. Neck was supple. Lungs were clear to auscultation. Heart was regular rhythm. No murmur. No gallop. Abdomen was soft, nontender. Active bowel sounds. No organomegaly or masses. Extremities, there is no clubbing, cyanosis, or edema. The patient's neurologic exam, cranial nerves were intact. Sensory slightly decreased sensation in the right foot. Motor was slight weakness on plantar flexion on the right lower

4

extremity. Gait was slightly shuffling with right leg, left was normal. Ability to raise up on his feet was intact. DTRs were decreased in the knees and the ankles bilaterally. No Babinski's. Cognitive function was intact.

**IMPRESSIONS AND PLANS:**

1. Chronic pain, seems actually had fairly good control with use of the Lidoderm patch <___> back. We will continue with his current regimen along with occasional trazodone and baclofen.

2. Hypertension. Borderline elevated blood pressures today. We will continue to monitor, the patient's blood pressure was more elevated on last visit here. Follow up the patient here with me in eight weeks, sooner if necessary.

(TR 297-98). As noted above, the Law Judge relied, in part, on a consultative evaluation completed on June 18, 2011, by Dr. John Scagnelli. Dr. Scagnelli offered clinical findings as follows:

> No joint swelling, erythema, effusion or deformity. The claimant had tenderness to palpitation over the right thoracic lumbar paraspinal musculature. The claimant was able to lift, carry and handle light objects. The claimant was able to squat and rise from that position with moderate difficulty. The claimant was able to rise from a sitting position without assistance and had no difficulty getting up and down from the exam table. The claimant was able to walk on heels and toes with ease. Tandem walking was normal and the claimant could stand but not hop on either foot bilaterally. The claimant can dress and undress adequately well, and was cooperative and gave good effort during the examination. Range of motion was within normal limits in all areas including cervical, elbows, shoulders, wrists, hands, thoracolumbar, hips, knees and ankles/feet.

(TR 219). Dr. Scagnelli submitted the following overall impressions:

> Mr. Bourne is a 51-year old man who claims disability due to back and ear difficulty. On physical examination, he does have evidence of radiculopathy and associated muscle spasms in the lower back.
>
> The claimant provided us with his best effort during the examination. The claimant can be expected to sit, stand and walk normally in an 8 hour workday with normal breaks. The claimant does not need an assistive device with regards to short and long distances and uneven terrain. The claimant can be expected to lift and carry at least 15 pounds frequently and 30 pounds occasionally. There are limitations on bending, stooping, crouching, squatting and so on and the claimant will be able to perform these occasionally due to back pain. There are no manipulative limitations on

5

reaching, handling, feeling, grasping, fingering and the claimant will be able to perform these frequently. There are no relevant visual limitations. There are some relevant communicative limitations due to left ear hearing loss; his workplace environment may need adjustment due to his hearing loss as well.

(TR 220).

As it turned out, the clinical findings of Dr. Scagnelli and Dr. Bashore are not inconsistent. Arguably, Dr. Scagnelli's report lists more significant findings than those of Dr. Bashore. In any event, given the scarcity of significant physical findings in Dr. Bashore's report, the court is simply unable to conclude that the Law Judge's reliance on Dr. Scagnelli's impressions is misplaced. While the court might have resolved the issues in this case differently, the court believes that there is substantial evidence to support the Law Judge's resolution of the conflicts in the medical evidence.

In appealing to this court, Mr. Bourne also asserts that the Appeals Council failed to properly consider the new medical evidence provided to the Appeals Council in connection with plaintiff's request for review of the Administrative Law Judge's opinion. Plaintiff seeks remand of his case to the Commissioner so that the new evidence may be properly considered. The new evidence consists of a more recent letter from Dr. Bashore, as well as reports from more recent medical visits. In his letter, Dr. Bashore again opines that Mr. Bourne is totally disabled and that plaintiff has proven very credible and straightforward in presenting his symptoms. In an office note dated August 27, 2012, Dr. Bashore observed that plaintiff's pain had worsened.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the [Commissioner] on the basis of newly discovered evidence if four prerequisites are met. The evidence must

6

> be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the [Commissioner's] decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner], 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

The court does not believe that the new evidence in the instant case is such as to justify remand for further consideration. In the court's view, the new reports do not include different or better information than that already considered by the Commissioner. The new reports do not reflect any different mechanical defects in plaintiff's back than those documented in the objective x-ray studies considered by the Law Judge, which suggest no more than mild to moderate degenerative changes. As to Dr. Bashore's comments concerning plaintiff's truthfulness, it is well settled that resolution of credibility issues lies within the province of the Commissioner. See 20 C.F.R. §§ 404.1527 and 404.1529. Thus, the fact that Dr. Bashore considers Mr. Bourne to be a credible patient carries no controlling significance. Simply stated, the court does not believe that consideration of Dr. Bashore's letter would result in any different disposition in plaintiff's case.

The court also notes that the new evidence in question was actually submitted to the Appeals Council, and returned to plaintiff because the Appeals Council did not consider the new reports to be relevant to the question of disability during the period of time adjudicated by the Law Judge. (TR 2). Indeed, the new reports were not made part of the administrative record in this case, and were presented to the court as exhibits to plaintiff's memorandum of law. Recognizing that the treatment of such "interim evidence" may sometimes necessitate remand of a case to the Commissioner for

7

further consideration, see Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), Mr. Bourne now seeks remand so that the new evidence may be considered by the finder of fact.

Although the court does not agree with the Appeals Council's suggestion that the new reports do not relate back to the period of time considered by the Administrative Law Judge, the court concludes that the new evidence is merely cumulative and offers nothing new as to the severity of plaintiff's musculoskeletal problems. Accordingly, the court finds no cause for remand under Meyer. The simple fact is that the objective medical evidence fails to document the existence of back problems of such severity as would prevent performance of lighter levels of physical activity on a regular and sustained basis. It follows that the Commissioner's final decision in this case must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Bourne is free of all pain and discomfort. Indeed, the medical record confirms that plaintiff suffers from degenerative disease process in his spine and knees. However, it must again be noted that the objective x-ray studies, as well as the report from the consultative physician and the treatment notes from other health care providers, simply do not document the existence of such problems as could reasonably be expected to prevent performance of lighter work activity. All of the physicians who have evaluated Mr. Bourne's condition agree that conservative treatment is appropriate. No doctor has recommended invasive surgical procedures. Stated differently, there is every reason to believe that plaintiff's pain can be relieved in some measure through appropriate medication and treatment. It must be recognized that the inability to do work without some subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors

8

reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 30th day of September, 2014.

/s/ Glen Conrad
Chief United States District Judge